**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| Mutaz MUHAMMAD SAID, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; CHAD F. WOLF, Acting Secretary of Homeland Security; KENNETH T. CUCCINELLI, Acting Director of U.S. Citizenship and Immigration Services; ANDREW LAMBRECHT,[1] Director of U.S. Citizenship and Immigration Services' Denver Field Office; and CHRISTOPHER WRAY, Director of the Federal Bureau of Investigation, in their official capacities, <br><br> *Defendants*. | Civil Action No. 1:20-cv-02316-CMA-NYW |

## JOINT MOTION TO STAY PROCEEDINGS

Defendants the U.S. Department of Homeland Security (DHS); U.S. Citizenship and Immigration Services (USCIS); Chad F. Wolf, Acting Secretary of Homeland Security; Kenneth T. Cuccinnelli, Acting USCIS Director; Andrew Lambrecht, Director of USCIS's Denver Field Office; and Christopher Wray, Director of the Federal Bureau of Investigation (FBI), in their official capacities (collectively, Defendants or the government), and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Lambrecht, in his official capacity as the Director of USCIS's Denver Field Office, is automatically substituted as a Defendant for Mary Mischke.

Plaintiff Mutaz Muhammad Said jointly move this Court to stay these proceedings, including all pending deadlines, to allow USCIS to interview Plaintiff in connection with his pending application for naturalization and adjudicate the application within the 120-day period established by Congress. Pursuant to Local Civil Rule 6.1(a), the parties previously filed a Stipulation of Extension of Time to File Answer (ECF No. 12). Pursuant to that Stipulation, the government's deadline to answer or move to dismiss the First Amended Complaint is October 29, 2020.

Good cause exists to grant this request. Plaintiff "brings this action to compel the USCIS to ... adjudicate" his naturalization application, First Am. Compl. ¶ 10 (FAC; ECF No. 4), and USCIS has since directed Plaintiff to appear for an interview on December 15, 2020 regarding his naturalization application. Following the interview, USCIS has 120 days to "make a determination" on the application before Plaintiff "may apply to the United States district court ... for a hearing on the matter." 8 U.S.C. § 1447(b). Staying this action until 120 days after Plaintiff's naturalization interview would allow USCIS to adjudicate the application on the timeline that Congress established, while preserving this Court's and the parties' resources by potentially abrogating the need to engage in motions practice. Moreover, while Plaintiff raises additional claims for relief besides his mandamus claim, the parties agree that it is in the interests of justice and judicial economy to stay the adjudication of those claims, as well.

Thus, for good cause shown, this Court should stay these proceedings, including all deadlines, for at least 120 days after the date USCIS conducts Plaintiff's naturalization interview.

## **BACKGROUND**

On August 5, 2020, Plaintiff Mutaz Muhammad Said filed the Complaint. *See* Compl. (ECF No. 1). On August 5, 2020, Plaintiff filed the First Amended Complaint. *See* FAC. Plaintiff alleges in the First Amended Complaint that on December 18, 2020, Plaintiff filed with USCIS an N-400, Application for Naturalization. FAC ¶ 6.[2] Plaintiff alleges that since that date, USCIS has not adjudicated the naturalization application and, at the time he filed the First Amended Complaint, no interview was scheduled on the pending application. FAC ¶¶ 7–8.

Plaintiff "brings this action to compel the USCIS to finally adjudicate the pending application for naturalization." FAC ¶ 10. The First Amended Complaint raises six claims for relief, including a claim pursuant to 8 U.S.C. § 1447(b). *See* FAC ¶¶ 94–120; *id.* ¶¶ 108–10. That provision states:

> If there is a failure to make a determination under [8 U.S.C. § 1446] of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

On October 20, 2020, USCIS issued Plaintiff a notice of interview regarding his

---

[2] Factual representations in this Motion are drawn solely from Plaintiff's allegations in the First Amended Complaint, except where otherwise noted. By filing this Motion, Defendants neither admit nor deny the allegations in the First Amended Complaint and intend to specifically preserve all rights afforded to them by the Federal Rules of Civil Procedure and the Local Rules of Practice of the U.S. District Court for the District of Colorado, including their right to challenge the sufficiency of the pleadings by appropriate motion, responsive pleading, or as otherwise permitted.

3

naturalization application. *See* Ex. 1, Notice of Interview. The notice directs Plaintiff "to appear for an interview" regarding his naturalization application on December 15, 2020, at USCIS's Denver Field Office. Ex. 1.

## ARGUMENT

For good cause, this Court should stay these proceedings, including all deadlines, until at least 120 days after the date on which USCIS conducts Plaintiff's naturalization interview.

This Court "has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-1916, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (Arguello, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest." *Slawson Exploration Co., Inc. v. Arch Specialty Ins. Co.*, No. 15-cv-1131, 2015 WL 7014451, at *2 (D. Colo. Nov. 12, 2015) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-1934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

The *String Cheese* factors favor a stay. *First*, Plaintiff brings this action in substantial part "to compel the USCIS to ... adjudicate [his] pending application for naturalization." FAC ¶ 10. Under the immigration laws, "[b]efore a person may be naturalized, [USCIS] shall conduct a personal investigation" of the applicant, 8 U.S.C. § 1446(a), potentially

4

including an interview with the applicant, *id.* § 1446(b). USCIS has scheduled an interview on Plaintiff's application for December 15, 2020, *See* Ex. 1, and thereafter it will have 120 days to "make a determination" on the application before Plaintiff "may apply to the United States district court ... for a hearing on the matter," 8 U.S.C. § 1447(b); *Shu v. DHS*, No. 20-cv-1229, 2020 WL 5939754, at *2 (D. Colo. Oct. 6, 2020) ("By statute, USCIS has 120 days from the date of the applicant's naturalization interview ... to complete the adjudication process before this Court can assume jurisdiction over the matter."). DHS regulations require USCIS to grant or deny the application within 120 days. *See* 8 C.F.R. § 335.3(a) ("[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination"). Thus, barring unforeseen circumstances, Plaintiff is likely to receive the relief he requests—adjudication of his naturalization application, *see* FAC ¶¶ 10, 108–10—by mid-April 2021. A stay of these proceedings would not prejudice Plaintiffs' asserted interest in receiving a decision on his application. To the contrary, such a stay would further that interest.

*Second*, there would not be a burden on the government by staying this litigation. A stay would reduce the burdens by postponing motions practice and other case-related obligations while preserving Defendants' procedural rights under the Federal and Local Rules.

*Third*, the parties respectfully submit that it would be more convenient and efficient for this Court to enter a stay. A stay is likely to reduce the burdens on this Court by allowing USCIS an opportunity to grant Plaintiffs' requested relief, which would render it unnecessary for the Court to adjudicate that claim. Moreover, this Court has not yet entered

a scheduling order, so a stay would not interfere with existing deadlines in this case. At minimum, a stay would merely postpone any burdens on this Court and would not substantially increase them.

*Finally*, the parties submit that a stay would not burden nonparties or the public. The parties are not aware of nonparties who may assert an interest in this action. And the public has "a primary interest" in "the efficient and just resolution of actions pending before the Court, and '[a]voiding wasteful efforts by the Court clearly serves this interest.'" *Ellis*, 3022 WL 6153513, at *3 (quoting *Blixseth v. Cushman & Wakefield of Colo., Inc.,* No. 12-cv-393, 2012 WL 3962800, at *3 (D.Colo. Sept. 11, 2012) (unpublished)).

Thus, staying this matter until at least 120 days after the date on which the interview occurs will further justice and promote judicial efficiency. It is more efficient for this Court and the parties to stay this litigation until the 120-day period runs than to consume limited judicial resources by engaging in burdensome motions practice, filing responsive pleadings, and conducting other pre-trial matters. Moreover, a stay would not cause any prejudice, as it merely preserves the status quo. The parties acknowledge that Plaintiff brings claims for relief in addition to his mandamus claim. *See* FAC ¶¶ 94–107, 111–20. However, for the reasons discussed, the parties submit that it furthers justice and judicial economy to stay those claims, as well.

## **CONCLUSION**

For good cause shown, this Court should stay these proceedings until 120 days after the date on which USCIS conduct Plaintiff's naturalization interview. Should this Court decline to enter a stay, the government respectfully requests that this Court extend

6

the deadline to answer or respond to the First Amended Complaint by 60 days.

DATED: October 29, 2020	Respectfully submitted,

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General,
        Civil Division

        WILLIAM C. PEACHEY
        Director, Office of Immigration Litigation,
        District Court Section

        YAMILETH G. DAVILA
        Assistant Director

        */s/ Alexander J. Halaska*
        ALEXANDER J. HALASKA
        Trial Attorney
        U.S. Department of Justice, Civil Division
        Office of Immigration Litigation
        District Court Section
        P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
        Tel: (202) 307-8704 | Fax: (202) 305-7000
        alexander.j.halaska@usdoj.gov

        *Counsel for Defendants*


        **/s/ James O. Hacking, III**
        James O. Hacking, III
        Hacking Law Practice, LLC
        10900 Manchester Rd., Suite 203
        St. Louis, MO 63122
        Phone: 314.961-8200
        Fax: 314.961.8201
        Email: jim@hackinglawpractice.com

        **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I certify that I served this document and its attachments on the Court and all parties by filing them with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to these documents to all counsel of record.

DATED: October 29, 2020              Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
U.S. Department of Justice